THE STATE, EX REL. BELL, PROS. ATTY., v. MILLER,
POLICE JUSTICE.

*Constitutional law—Appointment of police justices by municipal
councils—Section 4544, General Code.*

Section 4544, General Code, providing for the appointment of
police justices by council, upon the recommendation of
the mayor, is unconstitutional for the reasons that it was
an attempt to vest in village councils the power to appoint
judicial officers and that the taking effect of the law de-
pended upon the approval of an authority other than the
general assembly.

(Decided February 5, 1923.)

IN QUO WARRANTO.

*Mr. Charles S. Bell,* prosecuting attorney, and
*Mr. Chester S. Durr* and *Mr. Nelson Schwab,* as-
sistant prosecuting attorneys, for relator.
*Mr. J. J. Slaline* and *Mr. H. S. Stevenson,* for
defendant.

CUSHING, J.   The prosecuting attorney of Hamil-
ton county brought this action against Harry G.
Miller, as police justice of the village of Loveland,
located in Hamilton, Clermont and Warren coun-
ties, to test the right of the respondent to hold
such office.   The respondent did not appear or
answer and the case is heard on the petition.

Miller was appointed police justice by the coun-
cil of the village under Section 4544, General Code.

It is alleged that that section of the statute is
unconstitutional, in that it is repugnant to Sections

1, 26 and 27, Article II, and Sections 1, 10, 13 and 15, Article IV, of the Constitution of Ohio.

The record does not disclose any section of the statute, and none other than the section in question has been called to our attention, that creates the office of police justice in villages. Stripped of all unnecessary language, the statute, as applicable to this case, would read:

"Sec. 4544. Upon the recommendation of the mayor, the council may [by two-thirds vote] appoint * * * another suitable person * * * police justice, who shall * * * have concurrent jurisdiction * * * and shall have the same powers * * * as are prescribed by law, to be performed by and are conferred upon the mayors of such corporations."

The question is, what did the General Assembly do by the enactment of this statute? Surely, it did not create a judicial office. It does not contain the necessary provisions for that purpose.

The language used by the General Assembly in creating the municipal court of Massillon (Section 1579-416, General Code) is:

"That there be and hereby is created a court of record in and for the city of Massillon and the townships of Perry and Tuscarawas."

Several contentions are urged to establish that the statute in question is unconstitutional:

1. That the most that can be claimed for Section 4544 is that it delegates to village councils the right to create judicial office.

2. That if the section creates an office the General Assembly provides that the taking effect of the law shall depend upon the approval of authority other than the General Assembly; in

this case, the recommendation of the mayor and the act of the village council.

3. That the statute is an attempt by the General Assembly to appoint a judicial officer, or a delegation to the village council of the power to appoint such judicial officer.

Section 1, Article II of the Constitution, vests the legislative power of the state, as therein provided, in the General Assembly. Section 26 of the same article is a limitation upon the power of the General Assembly. It provides:

"All laws, of a general nature, shall have uniform operation throughout the state; nor, shall any act, except such as relates to public schools, be passed, to take effect upon the approval of any other authority than the General Assembly, except, as otherwise provided in this constitution."

Whether it be the creation of an office, or the vesting in village councils of the right to appoint a judicial officer, the act of the mayor and council of the village must precede the taking effect of the law.

The language of this statute confers power on the council of villages to appoint judicial officers. Its language cannot be construed to mean that the General Assembly intended to create a judicial office. If it did, it was a delegation of power vested only in the General Assembly.

In delivering the opinion of the court in the case of *Cincinnati, Wilmington & Zanesville Rd. Co.* v. *Commissioners of Clinton County*, 1 Ohio St., 77, Judge Ranney says, at page 87:

"That the General Assembly cannot surrender any portion of the legislative authority with which it is invested, or authorize its exercise by any other

person or body, is a proposition too clear for argument, and is denied by no one."

The General Assembly cannot create a judicial office depending on the law taking effect on the act or approval of a village council. The statute in question for that reason is unconstitutional.

But, assume that the General Assembly by this act created a judicial office, could council appoint a judicial officer?

Section 10, Article IV of the Constitution, provides that all judges other than those provided for in this Constitution shall be elected by the electors of the judicial district for which they may be created. Section 4544, General Code, was an attempt to delegate to the council of villages the power to fill a judicial office by appointment. It does not provide for an election at any time. When the Constitution says "all judges shall be elected," it does not mean that some may be appointed. Nor can it be said that there was a vacancy in the office. There can be no such thing in Ohio, under our Constitution, as the General Assembly creating a judicial office and at the same time declaring a vacancy, which would authorize the appointive power to fill that vacancy.

Section 10, Article IV of the Constitution, provides that:

"All judges     *     *     *     shall be elected by the electors of the judicial district for which they may be created."

And Section 13, Article IV, is a limitation on the power to appoint judicial officers. It reads:

"In case the office of any judge shall become vacant, before the expiration of the regular term for which he was elected, the vacancy shall be

filled by appointment by the Governor, until a successor is elected and qualified; and such successor shall be elected for the unexpired term, at the first annual election that occurs more than thirty days after the vacancy shall have happened.''

Considering the provisions of Section 13, when read in connection with Section 10 of the same article, it follows that after a judicial office has been created it can be filled only by the electors of the district for which the office was created and that the power of the Governor to appoint judicial officers is limited to such offices as become vacant after an election. Both the language and spirit of the Ohio Constitution are to the effect that all judicial officers of the state shall be elected by the people; and the power conferred on the Governor to fill vacancies after an election for the term provided by law is incidental only.

We conclude that Section 4544, General Code, did not create a judicial office; that it was an attempt to vest in village councils the power to appoint judicial officers; that, whatever was attempted by the statute, the taking effect of the law depended upon the approval of the mayor and village council, an authority other than the General Assembly; and that the section is unconstitutional for each of the reasons stated.

A decree may be entered accordingly.

*Decree accordingly.*

HAMILTON, P. J., and BUCHWALTER, J., concur.